## SEMINOLE FRUIT & LAND CO. v. SCOTT et al.

(District Court, S. D. Florida. June 30, 1923.)

No. 249.

1. **Taxation** ⬤⟳642—**Published notice gives court jurisdiction over proceedings in rem to sell property for taxes.**

In proceedings in rem to recover taxes, it is sufficient to publish the notice required by the statute in order to give the court jurisdiction over the rem and to authorize its sale for the taxes.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Drains ☞90—Legality of decree for sale for taxes by court having jurisdiction cannot be collaterally attacked.**

Where the court had acquired jurisdiction to decree a sale of land for unpaid drainage taxes, the decree of sale cannot be collaterally attacked on the ground of the unconstitutionality of the act, or on other questions adjudicated in that proceeding, though such adjudication might have been reversed by the appellate court in a proper proceeding.

**3. Drains ☞90—Lapse of more than week between publication of notice and rule day held not to defeat jursdiction in proceedings for sale of land for unpaid taxes.**

Sp. Laws Fla. 1917, c. 7599, authorizing a proceeding for the sale of land for unpaid drainage taxes, and requiring (section 20) four consecutive weeks' advertisement before judgment, does not require such advertisement next preceding the judgment, and the lapse of more than one week between the last publication of the notice and the rule day does not defeat the jurisdiction of the court.

**4. Drains ☞90—Erroneous name of owner in notice of proceedings for sale of land for taxes does not defeat jurisdiction.**

The fact that the name of an individual appeared in the notice of proceedings to sell land for drainage taxes, instead of the name of the corporation which owned the land, did not defeat the jurisdiction of the court to hear and determine the questions involved in that proceeding.

**5. Drains ☞90—Nonappearance of owner in proceedings for sale for taxes does not invalidate decree.**

Where the court acquired jurisdiction of proceedings for the sale of land for drainage taxes by the publication of the statutory notice, it is immaterial whether the owner of the land or any other person entered an appearance in such proceedings.

**6. Judicial sales ☞53—Sale not complying with decree does not transfer title.**

A judicial sale must comply strictly with the order, decree, or judgment under which it is made to divest the title of the owner of the land and vest it in the purchaser.

**7. Drains ☞90—Publication of notice held not to comply with decree for sale.**

Where the decree for the sale of land for drainage taxes required the sale to be made at the east door of the courthouse and required the notice to be published for two weeks next preceding the sale, a notice which did not specify where the sale was to be made, and the last publication of which was more than one week before the sale, did not comply with the decree and invalidated the sale.

**8. Drains ☞90—Decree for sale of land for taxes can impose requirements not contained in statute.**

Where a decree for the sale of land for nonpayment of taxes required the sale to be made at the east door of the courthouse, and required only that the notice be published two weeks next preceding the sale, the fact that the statute required only two consecutive weeks' advertisement and required the sale to be made at the front courthouse door, did not validate a sale after notice which did not comply with the requirements of the decree, though it did with those of the statute.

In Equity. Suit by the Seminole Fruit & Land Company against John Scott and others to declare a tax deed to the named defendant and subsequent deeds from that defendant to the other defendants invalid. On motion to strike the bill for want of equity and to strike two paragraphs thereof. Motion to strike one paragraph granted, and motion to strike the bill and the other paragraph denied.

A. B. Small, of Miami, Fla., for complainant.

Evans & Mershon, of Miami, Fla., for defendants.

CALL, District Judge. The bill of complaint filed herein, to declare a tax deed to defendant Scott, and deeds from Scott to the other defendants, invalid, alleges that April 23, 1917, it received conveyance of the title to and is in possession of the W. ½ of the N. W. ¼ of section 35, township 53 S., range 41 E.; that said lands lie within the boundaries of the Southern drainage district, created by chapter 7599 of the Laws of Florida, which became effective June 8, 1917; that said lands were assessed for drainage taxes, and the amount of the annual installment to be paid for the year 1918 levied, and the same entered in the drainage tax books; that, although the complainant was the owner of and in actual possession and occupancy of said lands, its name was not entered in said drainage tax book as such owner, but the name of Mathilda Waldin was so entered; that because of such entry to Mathilda Waldin as owner in said tax book, instead of to the complainant, it was misled and failed to pay said tax; that in October, 1919, a bill was filed by the supervisors of said drainage district, in the circuit court of Dade county, Fla., where the land lies, to enforce the payment of delinquent taxes on a largre area of lands, and a decree entered thereon, pursuant to which a sale was had on January 5, 1920, and the defendant Scott became the purchaser, and on March 24, 1921, received a deed from the tax collector of Dade county; that thereafter said Scott by quitclaim deeds attempted to convey to each of the other defendants portions of said lands; that said tax deeds are, under the statutes of Florida, admissible in evidence as prima facie proof of the validity of same; that said grantees, the defendants, claim by virtue of the tax deed and quitclaim deeds to be the owners of the lands described, and such deeds constitute a cloud upon complainant's title.

The bill attacks chapter 7599, for violation of the Constitution of the United States, and of the state of Florida, because (1) it deprives complainant of its property without due process of law; (2) it deprives it of its property without just compensation; (3) it subjects its lands to a drainage tax without affording a reasonable opportunity to be heard; (4) it subjects its lands to levy and sale for nonpayment of tax without providing reasonable notice of the proceedings to effect the sale.

The bill then attacks the act as violating the state Constitution, in naming in the body of the act the three supervisors to serve. The assessment is attacked because the land was assessed as "N. ½ of N. W. ¼, section 33—53—41," to Mathilda Waldin as owner. The bill then attacks the proceedings seeking to subject the land to the payment of the tax (1) because the first publication of the notice of the pendency of the suit was October 31, 1919, and last publication more than 7 days before the rule day to which such notice was returnable; (2) that such published notice had the name of Mathilda Waldin as owner, instead of complainant. The bill alleges that the decree of the court ordering the sale was not complied with, in that (1) the decree required the sale to be made in front of the east door of the Dade county courthouse, and the advertisement did not state where the sale was to be made; (2) that the decree required the sale to be

made upon notice published once each week for two consecutive weeks next preceding the day of sale, and nine days intervened between the last publication of the notice and the day of sale.

The defendants move to dismiss the bill for want of equity. They move also to strike the fourteenth and fifteenth paragraphs of the bill. The fourteenth paragraph challenges the constitutionality of the chapter, because it alleges that the act attempts (a) to deprive complainant of its property without due process of law; (b) without just compensation; (e) said act attempts to subject lands of complainant to a drainage tax without affording owners an opportunity to be heard; and (d) the said act attempts to subject complainant's land to sale for unpaid drainage tax without providing a reasonable notice of such proceedings.

Paragraph 15 of the bill contains the grounds of attack—the naming of the supervisors by the Legislature, and the other grounds of attack upon the assessment of the tax, and the proceedings to enforce the payment of same. Taking up the constitutional objections in paragraph 14 of the bill of complaint first:

The bill shows that a proceeding was had in the state circuit court, pursuant to section 20 of the act, which among other things provides that the suit for delinquent taxes shall be brought in the corporate name of the District against the lands on which the tax has not been paid. It also provides for the publication once each week for four consecutive weeks before judgment is entered, in a newspaper of the county where the suit is pending. The form of notice is prescribed as follows:

"In the Circuit Court of ——— County, Florida. ———, Plaintiff, v. ———, Defendants. Notice is hereby given to all persons having or claiming interest in the following described lands that suit is pending in the circuit court of ——— county, Florida, in chancery, to enforce the collection of certain drainage taxes on the following described list of lands situated in the Southern drainage district, in said county, the name or names of the owners so far as known having been set opposite the lands owned by them, together with the amounts severally due from each, to wit: [Here follows a list of owners, so far as can be ascertained, with a descriptive list of said delinquent lands, and the amounts due thereon respectively.] Any and all persons and corporations interested in said lands, or any part thereof, are hereby notified that they are required by law to appear on or before the first rule day of said court after this notice has been published four weeks, and make defense to said suit, or the same will be taken for confessed, and final judgment and decree will be entered, directing the sale of all or any part of said lands for the purpose of collecting said taxes, together with the payment of interest, penalty, and costs allowed by law, including a reasonable attorney's fee." First publication, ———, 19—. ——————, Clerk of the Circuit Court, ———, County, Fla."

The bill does not question that the notice was published for 4 consecutive weeks in a newspaper published in the county where the land lies, but does allege that more than one week intervened between the last day of publication and the rule day. This was a proceeding in rem to subject the lands to the payment of the tax. No personal judgment was authorized, but the tax must be recovered from the land itself.

[1, 2] There can be no question that, in proceedings in rem to recover taxes, it is sufficient to publish the notice required by the stat-

ute to give the court jurisdiction over the rem, and this jurisdiction having attached the judgment of the court rendered therein cannot be attacked collaterally. I am of opinion that the publication of the statutory notice did vest in the circuit court of Dade county jurisdiction to hear and determine the cause, and, having entered judgment therein and adjudicated the legality of the tax and ordered sale of the lands for its payment, this court cannot inquire into the questions sought to be raised by the fourteenth paragraph of the bill. Each of the questions sought to be raised by the fourteenth paragraph were adjudicated by the court in that proceeding, and that adjudication determines therein the questions involved, although such adjudication might have been reversed by an appellate court on a proper proceeding.

[3, 4] The statute requires four consecutive weeks' advertisement before judgment. It does not require "next preceding," and the lapse of more than one week between the last publication of the notice and the rule day does not defeat the jurisdiction of the court. The motion to strike the fourteenth paragraph of the bill will be granted. Nor do I think the fact that the name of Mathilda Waldin being in the notice instead of complainant as the owner of the land would affect the jurisdiction of the circuit court of Dade county to hear and determine the questions involved in the suit.

What I have said above applies largely to the fifteenth paragraph of the bill, except as to those charges affecting the conduct of the sale under the decree. That paragraph alleges seven grounds to invalidate the deeds: (a) The chapter is void because the supervisors are named in the body of the act. (b) The supervisors assessed the property thus: "N. ½ of N. W. ¼, section 33—53—41." (c) Court did not acquire jurisdiction by the publication of the notice to render the decree. (d) The published notice did not contain the name of complainant. (e) No appearance was filed as to the particular property described in the bill, by either complainant or Mathilda Waldin, in whose name the assessment was made. (f) That the decree of the court required the notice of sale to be advertised "once each week for two consecutive weeks next preceding the day of sale," when the notice was published with more than 7 days intervening between the last publication and the day of sale, and that no place of sale was mentioned in the notice, when the decree required said sale to be made at the east door of the courthouse in Dade county. (g) That the assessment was not made in the name of the owner, nor to the person against whom it was assessed the previous year, nor as unknown.

The grounds of objection (a), (b), and (g) were decided by the court having jurisdiction of the matter adversely to complainant's contention, and, as discussed under the fourteenth paragraph of the bill, cannot now be considered on a collateral attack by this Court. The objections (a), (b), (c), (d), and (g) I have already, in my discussion of paragraph 14 of the bill, disposed of.

[5] The objection (e) is untenable. It would make no difference, in so far as the proceedings to collect delinquent taxes are concerned, whether the complainant or Waldin entered an appearance for the

particular land. If the court acquired jurisdiction by the publication of the statutory notice, it is of no moment whether the owner or any one else entered an appearance. If no one entered an appearance, the district was entitled to a default and decree, provided, of course, the court acquired jurisdiction of the res by the notice published.

[6, 7] The objection (f) presents a different question. As I understand the law, a judicial sale must comply strictly with the order, decree, or judgment under which it is made, to divest the title of the owner of the land and vest such title in a third person, purchaser at such sale. The objections to the method of making the sale are two: (1) That the sale was not advertised for two consecutive weeks preceding the day of sale; and, second, that said notice of sale did not comply with the decree of the court naming the east door of the courthouse, in not specifying where such sale was to be made. Each of these objections seem to me to be fatal to the validity of the deed made pursuant thereto.

[8] The fact that the act requires two consecutive weeks' advertisement, and requires the sale to be made in front of the courthouse door of Dade county, cannot, it seems to me, aid the defendants in establishing the validity of the deed made pursuant to such sale. The decree of the court was the authority for such sale, and the court had power and authority to require, in its sound judgment, the sale of lands for the payment of drainage taxes, to take place at the east door of the county courthouse, and also to require that two consecutive weeks of the advertisement of such sale should be next preceding the day of sale; and having done so by its decree, and this decree being the only authority of the collector for making such sale, that decree must be strictly complied with. It is the law in so far as that sale is concerned, and a sale made not pursuant to the terms of such law is invalid.

I am therefore of opinion that the objections urged in subdivision (f) of the fifteenth paragraph of the bill, if sustained by proofs, will invalidate the deed to the defendant Scott, and that said paragraph 15 is not amenable to the motion to strike. This being my opinion, it follows that the bill of complaint has equity, and therefore the motion to strike the bill for want of equity, and the motion to strike the fifteenth paragraph of the bill, will be denied. It will be so ordered.